# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Ford Motor Credit Company LLC, | ) Civil Action No.: 4:10-CV-02252-TLW |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JRATS, Inc. d/b/a Atlantic Ford, Anthony J. Triplett, Tammy Triplett-Kesky, Lawson S. Triplett, Jr. and Stan R. Johnson, | ) **TEMPORARY RESTRAINING ORDER** |
| | ) |
| Defendants. | ) |

This matter is now before the Court for consideration of the Motion of Ford Motor Credit Company LLC ("Ford Credit") for a Temporary Restraining Order to be followed by a preliminary injunction. Specifically, Ford Credit seeks an Order restraining and enjoining the Defendant JRATS, Inc., its owners, agents, servants, employees, officers, directors, affiliated companies, members, and those persons in active concert or participation with them, from selling collateral out-of-trust and from disposing of proceeds from collateral, and from damaging, concealing or removing any property subject to Ford Credit's security interest. Ford Credit also seeks an Order that all receipts on account and other funds subject to Ford Credit's security interest be immediately paid over upon receipt to Ford Credit.

In support of its motion, Ford Credit has filed a Verified Complaint, an Affidavit, and a Bond in the amount of $1,250,000.00. (Doc. #1). As alleged in these documents, the Defendant JRATS, Inc. entered into a floor plan financing arrangement with Ford Credit in September, 2005. Ford Credit filed a UCC Financing Statement perfecting a security interest in various collateral - primarily motor vehicles, parts, equipment, and their proceeds.

Pursuant to a Security Agreement dated September 19, 2005 (Ex. B to the Verified Complaint), Defendant JRATS, Inc. granted Ford Credit a security interest:

> in the following types of property wherever located, now owned or hereafter acquired by [JRATS, Inc.] (hereinafter called the "Collateral") and the proceeds and products thereof: a) All equipment, fixtures, furniture, demonstrators and service vehicles, supplies and machinery and other goods of every kind. b) All motor vehicles, tractors, trailers, service parts and accessories and other inventory of every kind and any accessions thereto. c) All accounts, instruments, chattel paper, general intangibles, contract rights, documents and supporting obligations thereto.

As used in this Order, the term "Collateral" shall be ascribed the meaning as set forth in the Security Agreement as quoted above.

Under the floor plan agreement (the Automotive Wholesale Plan Application for Wholesale Financing and Security Agreement, Ex. A to the Verified Complaint), Defendant JRATS, Inc. agreed to hold all of the sales proceeds in trust for Ford Credit, and to promptly account and remit the proceeds to Ford Credit.

The Verified Complaint alleges that JRATS, Inc. failed to hold sales proceeds in trust, has turned over its business operations to a third party to liquidate its assets, and has failed to account and remit proceeds for the sales of motor vehicles for which Ford Credit had advanced over $278,000.00. It further alleges that Ford Credit gave written notice of the default to Defendant JRATS, Inc., but the default has not been cured. It further alleges that at the time of filing of the Complaint, that the Defendant JRATS, Inc. was in possession of several other vehicles for which Ford Credit was owed approximately $488,000.00, which vehicles were subject to Ford Credit's security interest. See Verified Complaint, Exhibit F.

Under the Uniform Commercial Code, sales out-of-trust for an inventory financier create particular problems and may cause irreparable injury because, not only are the proceeds virtually impossible to trace and track down, but the floor plan financier may lose the priority of its perfected security interest. See S.C. Code Ann. §36-9-320 (1976).

Pursuant to Federal Rule of Civil Procedure 65(b), the Court may issue a Temporary Restraining Order without providing notice where "specific facts in an affidavit or a verified complaint show that immediate or irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition." In addition, the moving party must certify in writing any efforts made to give notice and the reasons why it should not be required.

The purpose of a Temporary Restraining Order is to preserve the status quo and avoid possible irreparable injury to a party pending litigation. Ford Credit attests that Defendant JRATS, Inc. is taking money that rightfully belongs to Ford Credit and that the defendant is doing this despite reasonable business practices to control the collateral and sales proceeds. Absent the issuance of this Order, Ford Credit stands to be irreparably harmed. The Court has reviewed the Verified Complaint in this case in conjunction with the four-part test articulated by the United States Supreme Court in Winter v. Natural Res. Def.Council, Inc., 129 S.Ct. 365 (2008). The limited record before this Court supports a finding that the plaintiff Ford Credit is entitled to a Temporary Restraining Order pending a hearing on this matter.

The Court further notes that the remedy sought by Ford Credit is specifically authorized by South Carolina's claim and delivery statutes. South Carolina Code provides:

> [t]he judge may issue an order which shall be concurrently served on the defendant that restrains the defendant from damaging, concealing

> or removing the subject property, when immediate possession of such property is not being taken.

S.C. Code Ann. §15-69-90 (1976).

Based on the record before this Court, the Court concludes that plaintiff Ford Credit is entitled to a Temporary Restraining Order. Therefore,

**IT IS ORDERED** that the Defendant JRATS, Inc., its owners, agents, servants, employees, officers, directors, affiliated companies, members, and those persons in active concert or participation with them will be and hereby are restrained from disposing of and selling Collateral out-of-trust and from disposing of the proceeds of the Collateral except to Ford Motor Credit Company LLC.

**IT IS FURTHER ORDERED** that the Defendant JRATS, Inc. shall provide Ford Motor Credit Company with an accounting of all proceeds received for vehicles which have been sold out-of-trust and deliver all records related thereto to Ford Motor Credit Company prior to the hearing set below.

**IT IS FURTHER ORDERED** that since Plaintiff has already filed a Bond of $1,250,000.00 for the Claim and Delivery of its property in this matter that no further Bond shall be required for the issuance of this Temporary Restraining Order.

**IT IS FURTHER ORDERED** that if the parties have any response or objection to this action filed by plaintiff Ford Credit, they shall file their response, if they so choose, no later than 11:00 a.m. on the date of the hearing in this matter. The parties shall appear before the undersigned on **Tuesday, September 7, 2010 at 3:00 p.m.** at the United States District Courthouse in Florence, South Carolina, to show cause why a Preliminary Injunction should not be issued.

The plaintiff has further asserted that it is entitled to an Endorsement of Requisition under state law directing the United States Marshal Service to seize certain collateral at issue in this case. The Court notes that certain fees and costs are associated with having the United States Marshal Service take custody of personal property, and that certain federal processes must be met. The plaintiff shall provide the legal basis for the authority of this Court to order the United States Marshal Service to seize any secured property. The plaintiff shall consult with the United States Marshal Service, Florence Division, regarding any costs associated with seizure by that agency prior to the hearing in this matter.

**IT IS SO ORDERED**.

                                                                 s/Terry L. Wooten
                                                                  United States District Judge

August 31, 2010
Florence, South Carolina