IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION



| | |
|---|---|
| Ford Motor Credit Company LLC, | ) Civil Action No.: 4:10-CV-02252-TLW |
| Plaintiff, | ) |
| v. | ) |
| JRATS, Inc. d/b/a Atlantic Ford, Anthony J. Triplett, Tammy Triplett-Kesky, Lawson S. Triplett, Jr. and Stan R. Johnson | ) **CONSENT ORDER FOR PRELIMINARY INJUNCTION** |
| Defendants. | ) |

In this case Plaintiff, Ford Motor Credit Company ("Ford Credit"), seeks *inter alia* claim and delivery of a motor vehicle dealer's motor vehicle inventory. On August 31, 2010 the Court entered a Temporary Restraining Order (docket entry 6). In the Temporary Restraining Order the Court directed that the parties appear before the Court on September 7, 2010 to show cause why a preliminary injunction should not be issued. At the hearing William H. Short of Haynsworth Sinkler Boyd, P.A. appeared on Defendants' behalf and plaintiff was represented by its counsel of record, Thomas W. Bunch, II of Robinson, McFadden & Moore, P.C. Counsel for the parties announced that they had reached a resolution for entry of the Preliminary Injunction, as well as Ford Credit's claim for immediate delivery of the motor vehicles.

Based on the consent of the parties, IT IS ORDERED:

1. That Ford Credit's request for claim and delivery of the motor vehicles listed on Exhibit A to this Order is granted.

A.  Ford Credit agrees not to enforce its rights to take possession of the motor vehicles if (i) by 5:00 p.m. on September 17, 2010 the Defendants deliver to Ford Credit a fully executed buy - sell agreement acceptable to Ford Credit and which is also ready to be presented to Ford Motor Company for approval of the purchaser as a Ford Motor Company Dealer[1]; (ii) the amount owed Ford Credit for sales out of trust is paid in full in certified funds by 5:00 p.m. on September 17, 2010[2]; and there is no further default under the terms of this Order or under the Automotive Wholesale Plan Application for Wholesale Financing and Security Agreement and any other obligations of JRATS, Inc. owed to Ford Credit.

B.  Should any of the foregoing conditions in paragraph 1.A be breached, Ford Credit may file an affidavit with the Court, and the Defendants shall immediately surrender to Ford Credit the motor vehicles listed on Exhibit A excluding any that have been sold in the ordinary course of business. If Defendants fail to promptly surrender the motor vehicles to Ford Credit, Ford Credit shall contact the U.S. Marshal's service to arrange an appropriate time for the U.S. Marshal to seize the motor vehicles and deliver them to the Plaintiff upon the payment of the Marshal's fees in accordance with S.C. Code 15-69-50, 15-69-100 and 15-69-190.

---

[1] Ford Credit's counsel announced on the record and it was agreed to by Defendants' counsel that the ability to approve the purchaser was solely in Ford Motor Company's control, and that Ford Credit has not made and was not making any financial commitment to a prospective purchaser.

[2] The parties agreed that this payment would be paid to Ford Credit by the existing dealer, Defendant JRATS, Inc., (or the guarantors) regardless of the source of the funds.

2. That the terms of the Temporary Restraining Order are converted into a Preliminary Injunction such that:

   A. the Defendant JRATS, Inc., its owners, agents, servants, employees, officers, directors, affiliated companies, members, and those persons in active concert or participation with them will be and hereby are restrained from disposing of and selling collateral out-of-trust and out of the ordinary course of business, and from disposing of the proceeds of the Collateral except to Ford Credit;

   B. the Defendant JRATS, Inc. shall provide Ford Credit by 5:00 p.m. on September 17, 2010 an accounting of all proceeds received for vehicles which have been sold out-of-trust and deliver all records related thereto to Ford Credit; and

   C. since Plaintiff has already filed a Bond of $1,250,000.00 for the Claim and Delivery of its property in this matter that no further Bond shall be required for the issuance of this Preliminary Injunction.

_____
Terry L. Wooten
United States District Judge

September 10, 2010
Florence, South Carolina

WE CONSENT:

s/Thomas W. Bunch

Thomas W. Bunch, II (#1547)
Attorney for Plaintiff

s/William H. Short, Jr.

William H. Short, Jr. (#3831)
Attorney for Defendants